UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHAZ CLEVELAND,

                           Plaintiff,

                   -against-

THE CITY OF NEW YORK, P.O. RYAN O'CONNOR,
Shield No. 362, Individually and in his Official Capacity,
SGT. LARRY MEYERS, Shield No. 5284, Individually
and in his Official Capacity, P.O. MICHAEL BECKER,
Shield No. 117, Individually and in his Official Capacity,
P.O. JOSE DELGADO, Shield No. 699, Individually and
in his Official Capacity, CPT. ERIK WOROBEY,
Individually and in his Official Capacity, and P.O.s
"JOHN DOE" #1-5, Individually and in their Official
Capacity (the name John Doe being fictitious, as the true
names are presently unknown),

                           Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**
**14-CV-7379 (NG) (VVP)**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff CHAZ CLEVELAND, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.       Venue is properly laid in the Eastern District of New York under U.S.C.

§1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.       Plaintiff CHAZ CLEVELAND is an African American male and has been at all

relevant times a resident of New York County in the City and State of New York.

7.       Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.       Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, The City of New York.

9.       At all times hereinafter mentioned P.O. RYAN O'CONNOR, SGT. LARRY

MEYERS, P.O. MICHAEL BECKER, P.O. JOSE DELGADO, CPT. ERIK WOROBEY, and

P.O.s "JOHN DOE" #1-5, Individually and in their Official Capacity (the name John Doe being

fictitious, as the true names are presently unknown), were duly sworn police officers of said

department and were acting under the supervision of said department and according to their

official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about April 2, 2014, at approximately 7:35 p.m. in the County of Kings, State of New York, the plaintiff, CHAZ CLEVELAND, was lawfully present inside of 845 Nostrand Avenue, Brooklyn, New York.

14.     At the aforesaid time and place plaintiff was visiting his friend at his apartment.

15.     At the aforesaid time and place, defendants approached plaintiff and handcuffed plaintiff's arms tightly behind his back.

16.     Thereafter, defendants charged plaintiff with Consumption of Alcohol in a Public Place, Obstruction of Governmental Administration, and Resisting Arrest.

17.     At no time on April 2, 2014, did the plaintiff consume alcohol in public, obstruct governmental administration, resist any lawful arrest, or behave unlawfully in any way.

18.     At no time on April 2, 2014, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

19.     At no time on April 2, 2014, did defendants possess probable cause to arrest plaintiff.

20.     At no time on February April 2, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21.     Thereafter, defendants transported plaintiff to a nearby police precinct and confined him in a holding cell without his consent.

22.     In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office – namely, the defendants falsely informed prosecutors that plaintiff had been in possession of an open container of alcohol and marijuana in a public place, that he had obstructed the officers from performing their duties and that he had resisted arrest.

23.     As a result of his unlawful arrest and prosecution, the plaintiff spent approximately twenty-four (24) hours in police custody before being released when the Kings County District Attorney's Office declined to prosecute him on April 3, 2014.

24.     As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

32.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

33.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

36.    As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

37.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

    iii. fabricating evidence in connection with their prosecution in order to cover up

police misconduct; and

40.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

41.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

42.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

43.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

44.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

45.    The acts complained of deprived the plaintiff of his right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from seizure and arrest not based upon probable cause;

    c.    Not to have summary punishment imposed upon him; and

    d.    To receive equal protection under the law.

### PENDENT STATE CLAIMS

46.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

47.     On or about July 2, 2014 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

48.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

49.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing was held on September 4, 2014.

50.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

51.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

52.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIFTH CLAIM FOR RELIEF**
**FALSE ARREST**

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

54.     Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

55.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal

proceedings.   The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

## SIXTH CLAIM FOR RELIEF
## ASSAULT

56.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

57.   Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

58.   As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SEVENTH CLAIM FOR RELIEF
## BATTERY

59.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

60.   Defendant police officers touched plaintiff in a harmful and offensive manner.

61.   Defendant police officers did so without privilege or consent from plaintiff.

62.   As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## EIGHTH CLAIM FOR RELIEF
## FALSE IMPRISONMENT

63.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

64.   As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to handcuffing, and other physical restraints.

65.    Plaintiff was conscious of said confinement and did not consent to same.

66.    The confinement of plaintiff was without probable cause and was not otherwise privileged.

67.    As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### NINTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

69.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

70.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

71.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

72.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

73.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### TENTH CLAIM FOR RELIEF
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

74.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

75.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department and the Department of Corrections, including the defendants individually named above.

76.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

77.     Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

78.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

        **WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

      i.   an order awarding compensatory damages in an amount to be determined at trial;

      ii.   an order awarding punitive damages in an amount to be determined at trial;

      iii.   reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

      iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 10, 2015

                             BY: _____
                                   JOSHUA FITCH
                                   GERALD COHEN
                                   COHEN & FITCH LLP

*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10273
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com